INTERNATIONAL BROTHERHOOD OF
FIREMEN AND OILERS, AFL–
CIO, Appellant,

v.

INTERNATIONAL ASSOCIATION OF
MACHINISTS, AFL–CIO, Appellee.

No. 21213.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1964.

Rehearing Denied Dec. 14, 1964.

J. R. Goldthwaite, Jr., Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for appellant.

Robert L. Mitchell, Atlanta, Ga., Louis P. Paulton, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and WHITEHURST, District Judge.

GRIFFIN B. BELL, Circuit Judge:

This appeal is from a summary judgment enforcing the award of an arbitrator in favor of the International Association of Machinists, AFL-CIO, (IAM). The question presented arose out of a dispute over whether that union or the appellant, International Brotherhood of Firemen and Oilers, AFL-CIO (FOI), is entitled to represent employees doing specified maintenance work in the Atlanta plant of Carling·Brewing Campany.

These unions were certified by the National Labor Relations Board in 1958 as bargaining agents for different units of Carling's employees, and each union entered into a contract with Carling implementing the certifications. The IAM unit described in the Board order was as follows:

"All maintenance department employees, electrical maintenance employees of the employer's Atlanta plant, but excluding production employees, firemen, oilers, refrigeration engineers, professional and technical employees, guards and supervisors as defined in the Act, as amended."

The FOI's unit covered according to the certification, the following:

"All firemen, oilers, engineers and refrigeration engineers, but excluding all production and maintenance employees, maintenance mechanics in the maintenance department, clerical, supervisory as defined in the National Labor Relations Act, guards and professional employees."

A conflict between the unions arose when Carling assigned maintenance work on certain equipment in the engineering department to FOI personnel. The IAM complained of the assignment and the work was in turn assigned to its members. The FOI then took its grievance, based on these facts, to arbitration with the company. IAM was not a party. The arbitrator ruled in favor of the FOI and the next contract between Carling and the FOI, dated 1960, excluded only "all * * * maintenance mechanics in the maintenance department" instead of these and "all * * * maintenance employees" as had been provided in the 1958 contract, and as was provided in the Board certification. Following this, the work in question was assigned to FOI employees and this assignment was in force at the date of the District Court hearing.

After the reassignment the IAM local filed a petition for an election with the Board, seeking to represent the employees who were performing the disputed maintenance work. The Board dismissed the petition on the ground that all employees concerned were covered by current collective bargaining agreements. Thereafter the vice president of the two unions attempted without success to resolve the controversy.

IAM then sought arbitration under the AFL-CIO "No-Raid Agreement" to which both unions were parties. That agreement provides that no signatory union may represent or seek to represent "employees as to whom an established bargaining relationship exists" with any other signatory union. Over the protest of the FOI, the dispute was submitted to

arbitration by the AFL-CIO. The arbitrator held that the FOI violated the agreement in seeking to represent the employees performing the maintenance work in question in that they were in "an established bargaining relationship" through the IAM by virtue of the Board certification. In his opinion there was no ambiguity in the certifications in question, and IAM was entitled under the certifications to represent all employees of Carling who perform maintenance work.

After this award by the arbitrator, the IAM sought to no avail to obtain Board certification to represent all employees in the engineering unit, the place of the disputed work. Carling subsequently filed a jurisdictional dispute charge against both unions in an effort to have the controversy resolved, but the Board dismissed for want of jurisdiction in view of no threatened strike by either union.

In response to a demand by IAM for the disputed work, Carling advised that it would assign the work in accordance with any court order that resolved the dispute between the two unions. Thereupon, IAM brought this suit against the FOI to enforce the award of the AFL-CIO arbitrator which required the FOI to desist from its effort to represent maintenance workers at Carling. The District Court granted the motion of IAM for summary judgment. International Brotherhood of Firemen and Oilers, AFL-CIO v. International Association of Machinists, AFL-CIO, N.D. Ga., 1963, 234 F.Supp. 858.

Jurisdiction in the District Court was based on § 301(a) of the Labor Management Relations Act of 1947, as amended. 29 U.S.C.A. § 185(a).

Appellant FOI asserts that the District Court should have declined to enforce the award in view of the necessity of interpreting the certifications of the Board, and the primary competence of the Board. It is also urged that such a court order would not be final and binding, and would conflict with the jurisdiction of the Board which has the ulti-mate authority in such matters. However, the case of Carey v. Westinghouse Corp., 1964, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 forecloses appellant in both regards.

There a union sought to have the employer arbitrate a grievance to the effect that employees represented by another union were performing production and maintenance work certified by the Board to its members. When the employer refused to arbitrate, the union brought suit to compel arbitration. The New York courts dismissed the suit, holding that since the dispute involved the definition of bargaining units, it was within the exclusive jurisdiction of the Board. The Supreme Court reversed, noting that it is often difficult to determine whether a jurisdictional controversy between unions is a work assignment dispute, i. e., a dispute as to which of two unions should perform particular work, or a representation dispute, i. e., a dispute as to which union should represent the employees performing particular work. If a work assignment dispute is involved, the Board has no power to resolve it under § 10(k), 29 U.S.C.A. § 160(k), absent a strike or a threat to strike by the union. However, if the controversy is representational, the union may seek relief from the Board by filing an unfair labor practice charge under § 8(a)(5), 29 U.S.C.A. § 158(a)(5) (refusal to bargain), or by petitioning the Board under § 9(c)(1), 29 U.S.C.A. § 159(c)(1), for a clarification of its certificate. After noting these differences, the Supreme Court concluded:

> "However the dispute be considered—whether one involving work assignment or one concerning representation—we see no barrier to use of the arbitration procedure. If it is a work assignment dispute, arbitration conveniently fills a gap and avoids the necessity of a strike to bring the matter to the Board. If it is a representation matter, resort to arbitration may have a pervasive, curative effect even though one union is not a party."

A decree compelling arbitration was said to be in order on the reasoning that arbitration, a process vital to industrial peace, Textile Workers v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, should be encouraged even though the superior authority of the Labor Board might be invoked at any time. The court stated that should a subsequent decision by the Board conflict with the ruling of the arbitrators, the Board's decision would control.

The District Court here went one step further. It enforced the award of the arbitrator. We find no error in this action. It is in logical sequence to the requirement that arbitration be compelled. Jurisdiction to enforce such an award follows as a matter of course once the requisite jurisdiction in the arbitrator is found. Cf. United Textile Workers of America v. Textile Workers Union, 7 Cir., 1958, 258 F.2d 743 affirming the judgment of the District Court enforcing an award by the same arbitrator, and under the same contract here involved.

Appellant also contends that the arbitrator exceeded the scope of his authority in that there was an ambiguity under the Board certifications as to whether the established bargaining relationship in question was that of the IAM or the FOI. However, the Board language on its face seems clear enough to warrant including maintenance workers in the IAM unit. It follows therefore that the arbitrator had authority to settle the dispute, and it is not our function to review the merits of his decision. United Steelworkers of America v. Enterprise Wheel & Car Co., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

In sum, we hold first, that the District Court had jurisdiction; second, that the arbitrator in making his award acted within the scope of his authority; and third, that there was no abuse of discretion on the part of the District Court in entering the order complained of even under the circumstances that the Board had concurrent jurisdiction and was a superior authority in the premises.

Affirmed.